UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KAVEH A/K/A "KEVIN" ANSARI<br><br>Plaintiff<br><br>-against-<br><br>1/0 CAPITAL, LLC, AVEX FUNDING CORPORATION, BETTER HOLDCO, INC., AVEX FUNDING CORPORATION d/b/a BETTER MORTGAGE INC. and THE PHOENIX GROUP ADIVSORS, INC.<br><br>Defendants. | Civil Action No. 1:16-cv-3494<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS 1/0 CAPITAL, LLC, AVEX FUNDING CORPORATON, AND BETTER HOLDCO, INC.** |

---

Defendants 1/0 Capital, LLC ("1/0 Capital"), Avex Funding Corporation ("Avex"), and Better Holdco, Inc. ("Better Holdco") (collectively, the "Defendants" or the "Company"), by and through their counsel, Fisher & Phillips LLP, by way of Answer to Plaintiff's Complaint herein state the following:

## NATURE OF THE CASE

1. Except to deny that Defendants discriminated against plaintiff in any manner, the remaining allegations of paragraph 1 of the Complaint call for a legal conclusion to which no response is required. To the extent such a response is required, Defendants deny the remaining allegations.

1

## JURISDICTION AND VENUE

2. Except to deny that there is jurisdiction under 29 U.S.C. §2617, the allegations of paragraph 2 of the Complaint call for a legal conclusion to which no response is required.

3. The allegations of paragraph 3 of the Complaint call for a legal conclusion to which no response is required.

4. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and leave Plaintiff to his proofs.

5. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint and leave Plaintiff to his proofs.

6. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and leave Plaintiff to his proofs.

7. Defendants admit that the events in this matter arose within New York County.

## MATERIAL FACTS

8. Except to deny that Defendants discriminated against plaintiff in any manner, the remaining allegations of paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent such a response is required, Defendants deny the remaining allegations.

9. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and leave Plaintiff to his proofs.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

FPDOCS 31774079.1

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint and leave Plaintiff to his proofs.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and leave Plaintiff to his proofs.

21. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint and leave Plaintiff to his proofs.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Except to admit that Plaintiff worked as a member of a sales team and that some members of the sales team were above the age of 40 and some were below the age of 40, Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 31 of the Complaint and leave Plaintiff to his proofs.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants admit the allegations of paragraph 36 of the Complaint, but deny that Mr. Devar is an "Operating Partner" of 1/0 Capital. Defendants are also without sufficient knowledge to admit or deny the specific date of the meeting and leave Plaintiff to his proofs.

37. Except to deny that the quoted passages are an exact transcription of the conversations, Defendants admit the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Except to state that Plaintiff and DelGrande were advised that they were being terminated for a number of reasons, including but not limited to a lack of performance, defendants admit the allegations in paragraph 41 of the Complaint.

42. Except to state that Mr. LaPierre was terminated upon his return from vacation, Defendants deny the remaining allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Discrimination under the Age Discrimination in Employment Act)**

55. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

56. The allegations of paragraph 56 of the Complaint call for a legal conclusion to which no response is required.

57. Defendants are unable to understand the allegations contained in paragraph 57 of the Complaint and therefore, deny them.

58. Except to admit that Plaintiff worked as a member of a sales team and that some members of the sales team were above the age of 40 and some were below the age of 40, Defendants deny the remaining allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

## SECOND CAUSE OF ACTION
### (Discrimination under New York State Law)

60. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

61. The allegations of paragraph 61 of the Complaint call for a legal conclusion to which no response is required.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. The allegations of paragraph 63 of the Complaint call for a legal conclusion to which no response is required.

## THIRD CAUSE OF ACTION
### (Discrimination under New York State Law)

64. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

65. The allegations of paragraph 65 of the Complaint call for a legal conclusion to which no response is required.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Discrimination under the New York City Administrative Code)

67.   Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

68.   The allegations of paragraph 68 of the Complaint call for a legal conclusion to which no response is required.

69.   Defendants deny the allegations of paragraph 69 of the Complaint.

70.   The allegations of paragraph 70 of the Complaint call for a legal conclusion to which no response is required.

## FIFTH CAUSE OF ACTION
### (Discrimination under the New York City Administrative Code)

71.   Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

72.   The allegations of paragraph 72 of the Complaint call for a legal conclusion to which no response is required.

73.   Defendants deny the allegations of paragraph 73 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Discrimination under the New York City Administrative Code)

74.   Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

75.   The allegations of paragraph 75 of the Complaint call for a legal conclusion to which no response is required.

76.   Defendants deny the allegations of paragraph 76 of the Complaint.

## SEVENTH CAUSE OF ACTION
**(Discrimination under the New York City Administrative Code)**

77. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

78. The allegations of paragraph 78 of the Complaint call for a legal conclusion to which no response is required.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

## EIGHTH CAUSE OF ACTION
**(Overtime under the Fair Labor Standards Act)**

80. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

## NINTH CAUSE OF ACTION
**(Violation of New York Wage and Hour Law and Title 12 NYCRR §142-2.2)**

86. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

87. The allegations of paragraph 87 of the Complaint call for a legal conclusion to which no response is required.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants deny the allegations of paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

## TENTH CAUSE OF ACTION
### (Violation of New York Wage Order/Employee Records)

92. Defendants repeat and re-allege their answers to the preceding paragraphs as if set forth fully herein.

93. Defendants deny the allegations of paragraph 93 of the Complaint.

94. Defendants deny the allegations of paragraph 94 of the Complaint.

## INJURY AND DAMAGES

95. Defendants deny the allegations of paragraph 95 of the Complaint.

**WHEREFORE** Defendants 1/0 Capital, LLC, Avex Funding Corporation, and Better Holdco, Inc. respectfully request that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Defendants be awarded their attorneys' fees and costs and any other further relief deemed appropriate by this Court.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff is not entitled to the damages requested in the Complaint.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by his unclean hands and/or inequitable or wrongful conduct.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has failed to mitigate fully alleged damages or other losses required by law and are offset by any earnings, unemployment compensation, and any other pay or benefits as required by law.

### FIFTH SEPARATE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of his own actions.

### SIXTH SEPARATE DEFENSE

All of the actions of Defendants were taken for lawful, and legitimate business reasons.

### SEVENTH SEPARATE DEFENSE

Plaintiff would be unjustly enriched by any recovery.

### EIGHTH SEPARATE DEFENSE

Plaintiff is barred from any award of punitive damages because Defendants engaged in no acts or omissions which would rise to the level required to sustain an award for punitive damages.

### NINTH SEPARATE DEFENSE

At no material time hereto did Defendants act in a willful, wanton, reckless, and/or malicious manner.

### TENTH SEPARATE DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in him not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

### TWELVETH SEPARATE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing its pay practices complied with applicable law.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the exclusions, exceptions, or credits provided under the FLSA and/or New York Labor Law.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff is barred from an award of compensatory or punitive damages because this is an action for unpaid wages under the FLSA.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff was compensated in accordance with applicable law for work he performed for Defendants.

FPDOCS 31774079.1

## SIXTEENTH SEPARATE DEFENSE

Plaintiff has been paid and/or received all wages due to him by virtue of his employment with Defendants.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovering penalties and/or liquidated damages pursuant to, *inter alia*, the New York Labor Law and/or FLSA, because neither Defendants nor any agent or employee of Defendants acted willfully in failing to pay wages allegedly due Plaintiff.

## EIGHTEENTH SEPARATE DEFENSE

Defendants reserve the right to modify and supplement their Defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to them subsequent to the date hereof.

**WHEREFORE** Defendants 1/0 Capital, LLC, Avex Funding Corporation, and Better Holdco, Inc. respectfully request that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Defendants be awarded their attorneys' fees and costs and any other further relief deemed appropriate by this Court.

Respectfully submitted,

\_\_/s/ David E. Strand_____
DAVID E. STRAND
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, NJ  07974
Tel. (908) 516-1050
Fax (908) 516-1051

FPDOCS 31774079.1

dstrand@fisherphillips.com
Attorney for Defendants
1/0 Capital, LLC, Avex Funding
 Corporation, and Better Holdco, Inc.

Dated:  June 14, 2016

## CERTIFICATION OF ELECTRONIC FILING AND SERVICE

DAVID E. STRAND, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New York and a partner with the law firm of Fisher & Phillips, counsel for Defendants 1/0 Capital, LLC, Avex Funding Corporation, and Better Holdco, Inc. in this matter. As such, I am familiar with the facts set forth herein.

2. On this date, on behalf of the Defendants, I electronically filed Defendants' Answer and Rule 7.1 Corporate Disclosure Statement and this Certification of Electronic Filing and Service.

3. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

        FISHER & PHILLIPS LLP
        Attorneys for Defendants

        By:  /s/ David E. Strand
            DAVID E. STRAND
            For the Firm

Dated: June 14, 2016