UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAVEH A/K/A "KEVIN" ANSARI,<br><br>                    Plaintiff,<br><br>        -against-<br><br>1/0 CAPITAL, LLC, AVEX FUNDING CORPORATION, BETTER HOLDCO, INC., AVEX FUNDING CORPORATION d/b/a BETTER MORTGAGE INC. AND THE PHOENIX GROUP ADVISORS, INC.,<br><br>                    Defendants. | Civil Action No. 16-cv-3494<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE PHOENIX GROUP ADVISORS, INC.** |

Defendant The Phoenix Group Advisors, Inc. ("The Phoenix Group" or "Defendant"), by and through its counsel, Littler Mendelson, P.C., by way of answer to Plaintiff's Complaint herein states the following:

## NATURE OF THE CASE

1.        Except to deny that The Phoenix Group discriminated against Plaintiff in any manner, the remaining allegations of paragraph 1 of the Complaint call for a legal conclusion to which no response is required.  To the extent such a response is required, The Phoenix Group denies the remaining allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.        Except to deny that this Court has subject matter jurisdiction over all of the causes of action contained in the Complaint relating to The Phoenix Group, the allegations of paragraph 2 of the Complaint require a legal conclusion to which no response is required.

3.        The allegations of paragraph 3 of the Complaint call for a legal conclusion to which no response is required.

4.      The Phoenix Group is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.  The Phoenix Group affirmatively avers that it was never served with a copy of an EEOC Charge.

5.      The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves Plaintiff his proofs.  The Phoenix Group affirmatively avers it did not receive a copy of the Right to Sue letter from the EEOC.

6.      The allegations contained in paragraph 6 of the Complaint are denied.

7.      Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

## **MATERIAL FACTS**

8.      The allegations contained in paragraph 8 of the Complaint are denied.

9.      The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

10.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

11.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

12.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

13.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

14.     The allegations contained in paragraph 14 of the Complaint are admitted.

15.     The allegations contained in paragraph 15 of the Complaint are denied.

16.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

17.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

18.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

19.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

20.     The allegations contained in paragraph 20 of the Complaint are admitted.

21.     Except to admit that Plaintiff was a temporary employee of The Phoenix Group on or about March 18, 2015, the remaining allegations contained in paragraph 21 of the Complaint are denied.

22.     The allegations contained in paragraph 22 of the Complaint are denied.

23.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

24.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

25.     The allegations contained in paragraph 25 of the Complaint are denied.

26.     The allegations contained in paragraph 26 of the Complaint are denied.

27.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

28.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

29.     The allegations contained in paragraph 29 of the Complaint are denied.

30.     The Phoenix Group admits it paid Plaintiff $20.00 per hour in or around May 2015.

31.     The allegations contained in paragraph 31 of the Complaint are admitted.

32.     The allegations contained in paragraph 32 of the Complaint are denied.

33.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 33 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

34.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

35.     The allegations contained in paragraph 35 of the Complaint are denied.

36.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

37.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

38.     Except to admit that Plaintiff was no longer employed by The Phoenix Group beginning on or around July 2, 2015, The Phoenix Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

39.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

40.     The allegations contained in paragraph 40 of the Complaint are denied.

41.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

42.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

43.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 43 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

44.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 44 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

45.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 45 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

46.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 46 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

47.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 47 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

48.     The allegations contained in paragraph 48 of the Complaint are denied.

49.     The allegations contained in paragraph 49 of the Complaint are denied.

50.     The allegations in paragraph 50 of the Complaint are denied.

51.     The allegations contained in paragraph 51 of the Complaint are denied.

52.     The allegations contained in paragraph 52 of the Complaint are denied.

53.     The allegations contained in paragraph 53 of the Complaint are denied.

54.     The allegations contained in paragraph 54 of the Complaint are denied.

## AS TO THE FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

55.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 54 of the Answer.

56.     The allegations contained in paragraph 56 of the Complaint call for a legal conclusion to which no response is required.

57.     The allegations contained in paragraph 57 of the Complaint are denied.

58.     The Phoenix Group is without knowledge sufficient to admit or deny the allegations contained in paragraph 58 of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

59.     The allegations contained in paragraph 59 of the Complaint are denied.

## AS TO THE SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW

60.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 59 of the Answer.

61.     The allegations contained in paragraph 61 of the Complaint call for a legal conclusion to which no response is required.

62.     The allegations contained in paragraph 62 of the Complaint are denied.

63.     The allegations contained in paragraph 63 of the Complaint are denied.

**AS TO THE THIRD CAUSE OF ACTION FOR**
**DISCRIMINATION UNDER NEW YORK STATE LAW**

64.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 63 of the Answer.

65.     The allegations contained in paragraph 65 of the Complaint call for a legal conclusion to which no response is required.

66.     The allegations contained in paragraph 66 of the Complaint are denied.

**AS TO THE FOURTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

67.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 66 of the Answer.

68.     The allegations contained in paragraph 68 of the Complaint call for a legal conclusion to which no response is required.

69.     The allegations contained in paragraph 69 of the Complaint are denied.

70.     The allegations contained in paragraph 70 of the Complaint are denied.

**AS TO THE FIFTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

71.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 70 of the Answer.

72.     The allegations contained in paragraph 72 of the Complaint call for a legal conclusion to which no response is required.

73.     The allegations contained in paragraph 73 of the Complaint are denied.

**AS TO THE SIXTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

74.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 73 of the Answer.

75.     The allegations contained in paragraph 75 of the Complaint call for a legal conclusion to which no response is required.

76.     The allegations contained in paragraph 76 of the Complaint are denied.

## AS TO THE SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 76 of the Answer.

78.     The allegations contained in paragraph 78 of the Complaint call for a legal conclusion to which no response is required.

79.     The allegations contained in paragraph 79 of the Complaint are denied.

## AS TO THE EIGHTH CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT OVERTIME

80.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 79 of the Answer.

81.     The allegations contained in paragraph 81 of the Complaint are denied.

82.     The allegations contained in paragraph 82 of the Complaint are denied.

83.     The allegations contained in paragraph 83 of the Complaint are denied.

84.     The allegations contained in paragraph 84 of the Complaint are denied.

85.     The allegations contained in paragraph 85 of the Complaint are denied.

## AS TO THE NINTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK WAGE AND HOUR LAW IN VIOLATION OF TITLE 12 NYCRR § 142-2.2 OVERTIME RATE

86.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 85 of the Answer.

87.     The allegations contained in paragraph 87 of the Complaint call for a legal conclusion to which no response is required.

88.     The allegations contained in paragraph 88 of the Complaint are denied.

89.     The allegations contained in paragraph 89 of the Complaint are denied.

90.     The allegations contained in paragraph 90 of the Complaint are denied.

91.     The allegations contained in paragraph 91 of the Complaint are denied.

### AS TO THE TENTH CAUSE OF ACTION FOR VIOLATION OF
### NEW YORK WAGE ORDER EMPLOYEE RECORDS

92.     The Phoenix Group repeats and realleges its responses contained in paragraphs 1 through 91 of the Answer.

93.     The allegations contained in paragraph 93 of the Complaint are denied.

94.     The allegations contained in paragraph 94 of the Complaint are denied.

### AS TO INJURY AND DAMAGES

95.     The Phoenix Group denies the allegations contained in paragraph 95 of the Complaint, incorrectly numbered as paragraph 94.

### DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

2.     Any and all actions with respect to Plaintiff were a just and proper exercise of management discretion.

3.     Any action taken by The Phoenix Group against Plaintiff was for legitimate, non-discriminatory business reasons.

4.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to timely and properly exhaust all necessary statutory and/or jurisdictional prerequisites for the commencement of this action.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, after-acquired evidence, and waiver.

6.      Plaintiff's claims are barred, in whole or in part, to the extent that they were not filed within the applicable statute of limitations and/or applicable filing periods.

7.      Plaintiff's claims fail, in whole or in part, because Plaintiff sued one or more improper parties.

8.      The Phoenix Group and any other Defendant were not joint employers of Plaintiff.

9.      The Phoenix Group's conduct was not willful and, therefore, the applicable statute of limitations under the FLSA is two years, and any claims beyond that time period are barred.

10.     Plaintiff's claims are barred, in whole or in part, to the extent the work he performed falls within exemptions provided under the FLSA and/or the NYLL, including, but not limited to Section 13(a)(1) of the FLSA, 29 C.F.R 541.200, et seq.  To the extent that Plaintiff's duties were not performed in the manner directed or were the result of his failure to comply with reasonable expectations, policies, and/or instructions, such acts or omissions cannot deprive The Phoenix Group of the benefit of the exemption.

11.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York State or New York City Law.

12.     Plaintiff's purported claims are barred to the extent he seeks double recovery of wages under both federal and state law.

13.     Plaintiff has failed to allege sufficient facts to state a claim upon which punitive and/or liquidated damages may be awarded.

14.     The Phoenix Group, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that their actions did not violate applicable law; accordingly, The Phoenix Group asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for liquidated damages.

15.     Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA or NYLL.

16.     This Court lacks subject matter jurisdiction over all or part of Plaintiff's Complaint.

17.     If Plaintiff succeeds in establishing any violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiff, The Phoenix Group is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

18.     At all times, The Phoenix Group made complete and timely payments of all wages due to Plaintiff under the NYLL.

19.     Plaintiff is not entitled to prejudgment or post-judgment interest.

20.     Plaintiff failed to notify The Phoenix Group of any unlawful behavior and, as a result, he is unable to recover damages.

21.     All decisions made by The Phoenix Group with respect to Plaintiff and all actions taken with respect to his employment were made without malice, ill will, fraud, oppression or any other improper motive.

22.     Plaintiff's claim for damages must be dismissed to the extent that he has failed to mitigate his damages, or to the extent that they have been mitigated.

23.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

24.     In addition to the foregoing defenses and affirmative defenses, The Phoenix Group reserves the right to amend its Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any individual who joins this action as those claims become known during this litigation.

25.     The Phoenix Group asserts the foregoing defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

**WHEREFORE**, Defendant The Phoenix Group respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that The Phoenix Group be awarded its attorneys' fees and costs and any other relief deemed appropriate by this Court.

Date:   August 11, 2016
        Melville, New York

s/ Guy M. Allen
Guy M. Allen
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700

*Attorneys for Defendant*
*    The Phoenix Group, Inc.*